SCOTT GUNDERSON AND LINDA M. GUNDERSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gunderson v. Commissioner
Docket No. 1988-80.
United States Tax Court
T.C. Memo 1981-383; 1981 Tax Ct. Memo LEXIS 358; 42 T.C.M. (CCH) 484; T.C.M. (RIA) 81383; July 28, 1981. Francis Rheinberger, for the petitioners. Stuart D. Gibson, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Daniel J. Dinan for the purpose of conducting the hearing and ruling on respondent's Motion to Dismiss for Lack of Jurisdiction. Upon reviewing the record, we agree with and adopt his opinion which is set forth below. [1]
*359 OPINION OF THE SPECIAL TRIAL JUDGE DINAN, Special Trial Judge: This case is before the Court on respondent's motion to dismiss for lack of jurisdiction. Respondent mailed the notice of deficiency in this case to petitioners on October 29, 1979. A petition was filed by petitioners with this Court on February 11, 1980, one hundred and five days after the notice of deficiency was mailed. As applicable to this case, section 6213 [2] provides that a taxpayer shall file a petition with this Court within 90 days from the date the notice of deficiency is mailed. The envelope forwarding to this Court the petition in this case bore a private postage meter stamp dated January 28, 1980, and addressed to: United States Tax Court Washington, D.C. Section 7502 generally provides that a petition timely mailed will be deemed to be timely filed. Section 7502(a)(2) provides that the postmark date must fall within the time prescribed for filing and that the petition must be timely mailed in a postage-paid envelope properly addressed to this Court. In a case where the postmark *360 is made by a private postage meter, there are additional requirements which must be met to establish timely mailing where the petition is received in this Court later than it would ordinarily be received. At the hearing on his motion, respondent introduced into evidence the testimony of a representative of the United States Postal Service who testified that 100% of private postage meter mail originating in St. Paul, Minnesota, would be delivered to the sendee in Washington, D.C., within four days from mailing. It was his opinion that the date on the private postage meter stamp in this case was incorrect. Petitioners introduced into evidence the testimony of two witnesses who testified that they mailed the petition in this case from St. Paul, Minnesota, on January 28, 1980. We did not find petitioners' witnesses to be credible and, upon reviewing the entire record in this matter, we find that the petition in this case was not timely mailed. Accordingly, respondent's motion to dismiss this case for lack of jurisdiction on the ground that the petition was not timely filed will be granted. An appropriate order will be entered. Footnotes
1. Since this is a pretrial motion, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based upon the authority of the "otherwise provided" language of that rule.
2. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩